[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15076
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00133-VMC-MAP-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NEHEMIAS LOPEZ-PEREZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 10, 2013)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Nehemias Lopez-Perez appeals his sentence of 33 months of imprisonment,

following his pleas of guilty to one count of conspiring to transport 100 or more

illegal aliens, 8 U.S.C. § 1324(a)(1)(A)(v)(I), (a)(1)(B)(i), and two counts of transporting illegal aliens within the United States, id. § 1324(a)(1)(A)(ii), (a)(1)(B)(i); 18 U.S.C. § 2.  Lopez-Perez argues that his sentence is unreasonable. We affirm.

The district court did not abuse its discretion.  The district court imposed a sentence at the low end of Lopez-Perez's recommended guideline range of 33 to 41 months, and we ordinarily expect such a sentence to be reasonable.  See United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).  Lopez-Perez requested a downward variance of 15 months, but the district court reasonably rejected the request because Lopez-Perez had been responsible for transporting at least 140 aliens after they entered the country illegally.  The district court also reasonably determined that a sentence of 33 months of imprisonment would best serve the statutory purposes of sentencing.  See 18 U.S.C. § 3553(a).  Lopez-Perez argues that he was entitled to a lesser sentence because he had no criminal history, he was not a leader of the conspiracy, his offenses "did not involve the typical 'aggravators'" that often accompanied smuggling operations, and he cooperated with authorities, but we are not persuaded that Lopez-Perez's sentence "lies outside the range of reasonable sentences dictated by the facts of [his] case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (internal quotation marks omitted).  The district court imposed the sentence that Lopez-Perez

2

requested as an alternative to a sentence below the guidelines, and that sentence is reasonable.

We **AFFIRM** Lopez-Perez's sentence.